# Matthews, Appellant, v. Fidelity Mut. Life Ins. Co. of Philadelphia.

*Insurance—Life insurance—Certificate of loan—Lien on policy —Parol evidence to vary written instrument—Absence of fraud— Evidence.*

In an action upon a policy of life insurance by the insured to recover the surrender value upon the maturity of the policy, the defendant company may offer in evidence a certificate of loan executed contemporaneously with the policy in which it is stated that the insured had borrowed on the policy a sum stated which was to be a lien against the policy, and be deducted from the results of the policy at the end of the distribution payment period; and the plaintiff will not be permitted to show by parol evidence that there was no consideration for the certificate, or that he had never borrowed the money referred to therein, unless he also shows that he was induced to sign the paper by fraud practiced upon him at the time.

Argued Dec. 4, 1916. Appeal, No. 73, Oct. T., 1916, by plaintiff, from judgment of C. P. Northampton Co., Feb. T., 1915, No. 19, on verdict for defendant in case of John Matthews v. Fidelity Mutual Life Ins. Co. of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a policy of life insurance by the insured to recover the surrender value upon the maturity of the policy. Before MCKEEN, J.

At the trial it appeared that the policy in suit had been issued on December 1, 1904, in substitution of another policy issued on the assessment plan. The defendant made the following offer:

"By Mr. Fox: We offer in evidence Exhibit No. 2, the execution of which is not denied, as follows:

"CERTIFICATE OF LOAN.

"This Certifies That THE FIDELITY MUTUAL LIFE INSURANCE COMPANY, of Philadelphia,

Penna., has loaned on Policy No. C 1/p 168013 (company authorized to fill in Policy Number) the sum of Four Hundred fifty three Dollars, which, with any additional loan, shall be a lien on said policy until paid, simple interest at the rate of six per cent. per annum to be added thereto until the end of the distribution period of said policy, at which time the profits accruing to it shall be used toward the payment of said loan, and any excess paid in cash or used as set forth in the policy, at the option of the insured. Should the profits not fully pay the loan, the amount remaining unpaid at that time may be continued as a loan with interest as aforesaid, and the dividends accruing on the policy, to be thereafter payable annually. In event of my death or failure to make any payment when due to said Company before said loan is fully paid, the amount remaining unpaid shall become due and be deducted from the amount payable under said policy.

"Dated at Belfast, Pa., Dec. 1, 1904.

"Witness:                            JOHN MATTHEWS,
"W. W. SIMMERMAN.              The Insured."

"By Mr. Smith: We now ask for the purpose of the offer.

"By Mr. Fox: This is offered for the purpose of showing that on the date of the issuance of the policy in suit, the plaintiff agreed that the sum of $453 should be a lien on said policy No. C-168013, and simple interest at the rate of six per cent. per annum to be added thereto until the end of the distribution period of said policy, at which time the profits accruing to it should be used towards the payment of the loan, and any excess paid in cash or used as set forth in the policy, at the option of the insured.

"By Mr. Smith: This is objected to as being incompetent, irrelevant and immaterial, for the reason that it is an attempt to vary, change or modify a written agreement, which written agreement is the application and the policy itself, which policy has attached to it a copy of the application and states, "In consideration of the

issuing of the policy herein applied for, I hereby surren-
der to said company all right, title and interest in and to
policy on Certificate No. 5777, issued to me under the
title of the Fidelity Mutual Aid Association, which
policy states that this insurance is granted as of date,
December 1, 1894, in consideration of the application
herefor, which is made a part hereof, and of the surren-
der and cancellation of Policy No. 5777, issued by the
Fidelity Mutual Aid Association, now the Fidelity Mu-
tual Life Insurance Company, and of the payment, in
advance, of $63.44 and of the payment of a like amount
on or before the first day of December, and every year
thereafter until the premiums for twenty years have
been duly paid, or until the prior death of the insured.
The premium-paying period for this policy ends on the
first day of December, 1914," and this certificate, desig-
nated as Exhibit No. 2 being in direct contradiction of
the written terms of the application, and the terms of the
policy itself, and it not having been shown that there was
any consideration for this certificate of indebtedness,
and the consideration for it having been expressly denied
by the pleadings; and it further appearing that if this
certificate was a collateral, independent agreement and
not a contemporaneous parol agreement intending to
vary the terms of the written application and policy, then
the certificate and agreement are entirely without con-
sideration, no consideration therefor having been proved
and the consideration therefor having been expressly de-
nied by the pleadings filed in this case; and there having
been no testimony offered that there was any omission
from the terms of the policy on account of fraud, acci-
dent or mistake.

"By the Court: Before I rule on that objection I
would like to hear testimony as to when the certificate
of loan was executed, whether before, or after, the appli-
cation was made.

"John Matthews, plaintiff, called as for cross-exami-
nation.

"Examined by Mr. Fox—

"Q.—Mr. Matthews, looking at Exhibit No. 2, is that your signature?

"A.—Yes, sir.

"Q.—Looking at Exhibit No. 3, is that your signature?

"A.—Yes, sir.

"Q.—Now, Exhibit No. 3 is the application for the new policy that was issued to you, is it?

"By Mr. Smith: Objected to, for the reason that the paper will speak for itself, what it is.

"By Mr. Fox: I am merely trying to direct the witness's attention to the fact.

"Q.—Just look at that, Mr. Matthews, is that the application for the policy of insurance that you are now suing on?

"A.—I don't understand it.

"Q.—Well, what is that paper that you signed?

"A.—I don't understand you on that, either.

"Q.—Well, these two papers were signed at the same time, weren't they?

"A.—I suppose they were, the way it looks.

"Q.—December first, 1904?

"A.—Yes, sir.

"By the Court: The objection is overruled.

"Exception by plaintiff."    (1)

"Q.—Mr. Matthews, state whether or not you ever loaned from this insurance company the sum of $453?

"By Mr. Fox: Objected to, as incompetent and irrelevant. The witness cannot contradict or vary the written statement made by himself.

"Objection sustained. Exception by plaintiff."    (2)

"John Matthews, the plaintiff, recalled.

"Offer of proof requested by Mr. Fox.

"By Mr. Laub: Plaintiff now proposes to prove by the witness on the stand that at the time Exhibit No. 2 was signed by him he received no loan from the defendant company of $453, or any other sum whatsoever, and that he has received no loan since December 1, 1904, the

date of the signing of same, of said amount of $453, or any other amount from the defendant company; and that there was no consideration at all for the signing by him of said certificate, marked Exhibit No. 2; and that the consideration for same failed.

"By Mr. Fox: This is objected to as incompetent and irrelevant, and as an attempt to vary, by parol testimony, the contents of the written certificate of loan, Exhibit No. 2.

"Objection sustained. Exception by plaintiff." (3)

Verdict and judgment for plaintiff for $318.38. Plaintiff appealed.

*Errors assigned,* among others, were (1-3) rulings on evidence quoting the bill of exceptions.

*H. F. Laub,* of *Smith, Paff & Laub,* for appellant.— The general rule is that a contract of insurance in all its branches is one requiring good faith between the parties, Richards on Insurance, 3d Edition, page 120. It is a contract uberrimæ fidei. Sun Mutual Insurance Company v. Ocean Insurance Company, 107 U. S. 485. In construing the contract, the doctrine that the contract is one uberrimæ fidei may also be applied in favor of the insured: Schoneman v. Insurance Company, 20 N. W. 284.

The language of a policy of insurance, being the language of the company, must if there be any ambiguity in it, be taken most strongly against the company, and is to be construed in favor of the assured: Smith v. National Life Insurance Co., 103 Pa. 177; Conmey v. Macfarlane, 97 Pa. 361; Danner v. Hess, 19 Pa. Super. Ct. 182; First Nat. Bank of Bangor v. Paff, 240 Pa. 513.

If this illusive, mysterious writing which bobs up when plaintiff comes to claim what his policy says he is entitled to, viz: $1,045.18, then by the manifest weight of authority, parol evidence should have been received to show that the plaintiff actually did not get the money

or its equivalent mentioned in said writing: Bell v. Bell, 12 Pa. 235; Dutton v. Tilden, 13 Pa. 45; Russell v. First Presbyterian Church, 65 Pa. 9; Hamilton v. McGuire, 3 S. & R. 355; Weigley v. Weir, 7 S. & R. 308; Strawbridge v. Cartledge, 7 W. & S. 394; Watson v. Blaine, 12 S. & R. 131.

Assuming now that Exhibit No. 2 is not a receipt in the strict sense of the word, then we submit that in Exhibit No. 2 the receipt for the money loaned is separate and distinct from the rest of the writing and as such, nevertheless, may still be contradicted, explained or corrected: Fire Ins. Assn. v. Wickham, 141 U. S. 860; Hotchkiss v. Mosher, 48 N. Y. 478.

*Edw. J. Fox,* with him *Jas. W. Fox* and *George H. Wilson,* for appellee.

OPINION BY TREXLER, J., April 16, 1917:

Plaintiff had a policy of insurance in the Fidelity Mutual Aid Association and on December 1, 1904, received in its place a policy in the Fidelity Mutual Life Insurance Co., the consideration for the new policy being the surrender of the old policy and the payment annually in advance for twenty years of the premium of $63.44. The new policy related back to December 1, 1894, and notwithstanding that twenty annual premiums were required, the premium paying period was declared to end on December 1, 1914, ten years after the actual date of the policy. On the same day on which the second policy was issued, the plaintiff signed a certificate of loan in which it was stated that he had borrowed on the policy above referred to the sum of $453 which should be a lien against the policy and should be deducted from the results of the policy at the end of the distribution payment period.

Objection was made to the admission of the above certificate of loan by the defendant as being an attempt to vary the terms of the policy. We see no merit in this ob-

jection. The certificate of loan was a contemporaneous writing which formed part of the contract between the parties. Further objection was made to it that no consideration was shown therefor. The trial judge admitted the paper and the defendant then proceeded to prove consideration but was promptly met with the objection on the part of the plaintiff that the certificate was intelligible, unambiguous and that the consideration of the loan was therein set forth and that the offer to prove consideration was an attempt to modify, alter and change the terms of the written certificate. The court sustained plaintiff's objection to this offer and the defendant being barred from further proof rested. The plaintiff then assumed the position which the defendant had perforce abandoned and offered to prove that the certificate of loan signed by the plaintiff was without consideration. The offer met with the same objection which the plaintiff had urged and the court consistently sustained it. It is alleged that this was error. We need but in passing refer to the fact that the exclusion of this line of testimony was brought about by plaintiff's own objection. Apart from this we think the court was right in declining to admit the testimony under the form of the offer as presented by the plaintiff. The certificate of loan contains a direct declaration of money owing and an agreement that the sum shall thereafter be deducted from the value of the policy. The certificate was an integral part of the transaction and there could be no reason why plaintiff should have signed such a paper without its provisions being binding upon him unless he had been made the victim of fraud. At the trial the above element was not contained in the offer of proof. The plaintiff evidently realizing that this should have been done, seeks to supply his lack by showing that the replication or answer filed in the case alleges fraud. We cannot take this into consideration. The offer should have been made so as in itself to combine the essentials which would make the

proffered testimony competent.    We think the court was right in rejecting it.

The assignments of error are overruled and the judgment is affirmed.